IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PEDRO DOMION, ASHLEY DOMION, and ASHLEY DOMION AS GUARDIAN *AD LITEM* FOR NICHOLAS DOMION, a minor, | Case No. 3:16-cv-01852-SB<br><br>**DISCOVERY ORDER** |
| Plaintiffs, | |
| v. | |
| TRIQUINT SEMICONDUCTOR, INC., a Delaware corporation, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Pedro, Ashley, and Nicholas Domion ("Plaintiffs") filed this case against Defendant TriQuint Semiconductor, Inc. ("TriQuint"), alleging that Pedro Domion's exposure to chemicals while working at TriQuint's facility caused his son, Nicholas Domion, to suffer developmental, health, and other related injuries. On March 19, 2020, the Court held a telephonic discovery hearing in response to Plaintiffs' request to compel TriQuint to produce additional documents relating to former employee Everett Runyan. (ECF No. 138.) For the reasons that

follow, the Court grants in part Plaintiffs' request to compel TriQuint to produce additional documents.

Following the January 21, 2020 deposition of Mr. Runyan, Plaintiffs served additional discovery requests on TriQuint relating to Mr. Runyan, including requests for the production of: (i) "any and all documents in your possession, custody or control concerning Everett Runyan, including but not limited to his 'employment records' and 'personnel file' from working at TriQuint . . . referenced by defense counsel at . . . the January 2020 deposition of Mr. Runyan" and (ii) "any and all documents in your possession, custody or control reflecting communications that Everett Runyan sent and/or received while working for you including but not limited to email chains in which Mr. Runyan was the sender or recipient on one of your email systems during the period while he worked for TriQuint[.]" TriQuint objected to the discovery requests on several grounds, including that the requests were not timely served and were overbroad and unduly burdensome. Having reviewed and considered Plaintiffs' discovery requests, the parties' letter briefs and exhibits thereto, and the parties' oral argument, the Court finds that there is a narrow set of Mr. Runyan's personnel records that are relevant, proportional, and not unduly burdensome to produce.

In response to the Court's request, TriQuint identified Mr. Runyan's personnel records that are readily available to TriQuint in either hard copy form at its Hillsboro facility or available in an easily accessible electronic file. TriQuint has already produced several documents from these files, including the records TriQuint put at issue at Mr. Runyan's deposition, as well as Mr. Runyan's: employment application, resume, offer letter, interview record, confidentiality agreement, personnel action notices from 2007-2009, and performance reviews and self-appraisals from 2008-2009.

Of the personnel records that TriQuint has identified as readily available but not yet produced, the Court finds that the following materials are relevant and proportional in light of TriQuint's attempts to date to discredit Mr. Runyan on the grounds that he did not receive promotions for which he applied and that he is a disgruntled former employee:

(i)     personnel action notices (both PANs and ePANs);

(ii)    performance reviews;

(iii)   self-appraisals;

(iv)    resignation letter; and

(v)     internal notes on TriQuint's Internet career site regarding four internal positions for which Mr. Runyan applied between 2013-2017 (if TriQuint is unable to print the notes, it may produce screen shots of the notes).

TriQuint shall produce these records (for all years of Mr. Runyan's employment, if not already produced), by April 3, 2020.

With respect to Plaintiffs' other discovery requests relating to Mr. Runyan, the Court agrees with TriQuint that the requests are overbroad, unduly burdensome, and not proportional to the needs of the case.[1] Plaintiffs originally sought "all documents . . . concerning Everett Runyan" and "all documents . . . reflecting communications that Everett Runyan sent and/or received while working for you[.]" Those requests are clearly overbroad. Even Plaintiffs' compromise solution—that TriQuint produce all emails that Mr. Runyan sent prior to Nicholas

---

[1] The Court overrules TriQuint's objection that Plaintiffs untimely served the discovery just five days prior to the close of discovery. Plaintiffs served their requests within three days of Mr. Runyan's deposition, and were not fully aware of the relevance of Mr. Runyan's testimony, or the discovery requested, until his deposition. Although TriQuint is correct that Local Rule 16-2(e) provides that the Court will not require a party to respond to discovery requests served with insufficient time to respond before the completion of discovery, the Court would have extended the discovery deadline to allow TriQuint to respond to the discovery requests, if Plaintiffs had so requested at that time.

Domion's birth (Mar. 13, 2020 Ltr., Ex. E)—is overbroad because it is not limited by subject matter and would require TriQuint to retrieve, review, and produce every email Mr. Runyan sent from November 2007 through July 4, 2009. The Court also agrees with TriQuint that if Mr. Runyan had sent any emails relevant to this case, any such emails would have already been captured by the search terms used to search TriQuint's electronically stored information. Accordingly, the Court will not compel TriQuint to produce any additional documents concerning Mr. Runyan, other than the limited set of personnel records listed above.

Plaintiffs remain concerned that TriQuint will nevertheless search Mr. Runyan's emails and use those emails to its strategic advantage, either in connection with expert reports, *Daubert* hearings, or at trial. The Court will hold TriQuint to its agreement to provide Plaintiffs with any materials specifically relating to Mr. Runyan at least five days prior to TriQuint's use of the materials.

**IT IS SO ORDERED.**

DATED this 25th day of March, 2020.

*Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge